**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**EARL COMBS**,

    Petitioner,

v.                                                   Civil Action No. **3:23CV553 (RCY)**

**UNKNOWN,**

    Respondent.

**MEMORANDUM OPINION**

Earl Combs, a civilly committed Sexually Violent Predator ("SVP"), proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 challenging his detention. Respondent moves to dismiss on the ground that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the action. For the reasons that follow, the action will be DISMISSED as barred by the statute of limitations.[1]

**I. PROCEDURAL HISTORY**

On October 17, 1989, Combs was convicted of one count of rape and one count of forcible sodomy and was sentenced to an active sentence of fifteen years of imprisonment. ECF No. 32, at 2. On May 11, 2004, prior to Combs's release from incarceration, the Commonwealth of Virginia filed in the Circuit Court for the City of Hampton ("Circuit Court") a petition pursuant to section 37.1-70.1, *et seq.*, to commit Combs as an SVP. ECF No. 32-2. On June 11, 2004, the Circuit Court held a hearing and found probable cause existed to believe that Combs was an SVP. ECF No. 32, at 2.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects capitalization, punctuation, and spelling in its quotations from the parties' submissions.

On December 2, 2004, the Circuit Court conducted a trial and determined that Combs was a sexually violent predator. *Id.* at 3. On December 20, 2004, the Circuit Court entered an order concluding that, although Combs was an SVP, the appropriate disposition was to order his conditional release. ECF No. 32-3, at 1. Combs did not appeal that decision.

On March 12, 2013, following a hearing, the Circuit Court entered an order concluding that Combs had violated the terms of his conditional release and needed to be confined in the custody of the Department of Behavioral Health and Developmental Services ("DBHDS"). ECF No. 32-4, at 1–4. On July 23, 2018, Combs pled guilty to one count of unlawful wounding and was sentenced to an active sentence of incarceration of 1 year and 10 months. ECF No. 32-6, at 1. On October 24, 2018, the Circuit Court entered an Order staying Combs's annual review hearing pursuant to section 37.2-919 of the Virginia Code until twelve months after his return to DBHDS. *Id.* at 2. Combs appealed that Order. On October 24, 2019, the Supreme Court of Virginia refused Combs's petition for appeal. ECF No. 32-8, at 1.

Combs returned to the custody of DBHDS on November 25, 2019. ECF No. 32, at 4. On August 27, 2021, Combs's annual review hearing was held, and the Circuit Court found that Combs remained an SVP and was in need of continued inpatient treatment and recommitted him to the custody of DBHDS. ECF No. 32-1, at 1. Combs appealed. On September 16, 2022, the Supreme Court of Virginia refused Combs's petition for appeal. ECF No. 32-11, at 1.

By Order dated February 28, 2022, Combs was found guilty of malicious wounding in the Circuit Court for the County of Nottoway and received an active 10-year sentence of imprisonment. ECF No. 32-10, at 1. Combs also was found to have, *inter alia*, violated the terms of his probation. *Id.* at 2. Accordingly, by Order entered on August 26, 2022, the Circuit Court

entered an Order staying Combs' annual review until after he completed service of his criminal sentences. *Id.* at 1–3.

On August 18, 2023, Combs mailed his original § 2254 petition to this Court.[2] ECF No. 1-1. By Memorandum Order entered on September 28, 2023, the Court directed Combs to file his petition on the standardized form. ECF No. 2. Thereafter, Combs filed his petition on the standardized form (the "Amended § 2254 Petition"). ECF No. 6. In his Amended § 2254 Petition, Combs contends that he is entitled to relief upon the following grounds:

Claim One: The Circuit Court violated Combs's constitutional rights when it found probable cause to believe that he was an SVP. ECF No. 6, at 11)

Claim Two: Combs was denied the effective assistance of counsel at the hearing where the Circuit Court found probable cause to believe Combs was an SVP. *Id.* at 44–45.

Claim Three "FUNDAMENTAL MISCARRIAGE OF JUSTICE," because Combs was incorrectly found to be an SVP. *Id.* at 90–91.

Claim Four Combs was denied the effective assistance of counsel, when his counsel failed to consult with him about filing an appeal of the determination that he was an SVP. *Id.* at 141.

Combs has moved for an extension of time. Comb's motions (ECF Nos. 26, 37) will be GRANTED to the extent that the Court will consider the responses that he has filed. Combs also has moved for the appointment of counsel. The Court may appoint counsel to a financially eligible person if justice so requires. *See* 18 U.S.C. § 3006A(a)(2)(B). Combs fails to demonstrate that the interests of justice warrant the appointment of counsel at this juncture. Accordingly, Combs's motion for the appointment of counsel (ECF No. 36) will be DENIED .

---

[2] This appears to be the date that Combs placed his § 2254 action in the prison mail system. The Court deems the § 2254 action filed as of the date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   - **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   - **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   - **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   - **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). This statute of limitations applies to Virginia detainees challenging their civil commitment as SVPs. *See Ballard v. Cuccinelli*, No. 3:10CV524, 2011 WL 1827866, at *2 (E.D. Va. May 12, 2011).

### A. Commencement and Running of the Statute of Limitations

The judgment that determined Combs was an SVP became final thirty (30) days after the entry of the December 20, 2004 Order that made that determination.[3] *See* Va. Sup. Ct. R. 5:9(a)

---

[3] Where a petitioner only challenges the initial hearing at which he or she was declared an SVP, the judgment related to that determination triggers the commencement of the limitation

(requiring a petitioner to file a notice for appeal within thirty days of the entry of judgment). Combs failed to note an appeal; therefore, that judgment became final on January 19, 2005. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking review expires."). One year later, on January 19, 2006, the federal limitations period expired. Therefore, Combs's § 2254 Petition, which was not filed until 2023, is barred by the statute of limitations.

As explained below, neither a belated commencement of the limitation period nor Combs's contention that he is actually innocent alters that result.

### B. Belated Commencement

The pertinent provision provides for a belated commencement of the limitation period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The record suggests that Combs is entitled to a belated commencement of the limitation period for Claim Four, wherein he faults counsel for failing to file an appeal.

Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Due diligence,

---

period for purposes of 28 U.S.C. § 2244(d)(1)(A). *See Jenkins v. Clarke*, No. 7:23CV00403, 2023 WL 8788958, at *3 (W.D. Va. Dec. 19, 2023); *cf. Givens v. Wilson*, No. 1:22CV943 (TSE/JFA), 2023 WL 2505488, at *4 (E.D. Va. Mar. 14, 2023) (commencing limitation period on date recommitment proceeding became final where petitioner's claims related to the recommitment proceedings)

however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Id.* (citation omitted). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

The fact that counsel had not filed a notice of appeal to the Supreme Court of Virginia was discoverable as of January 20, 2005, when Combs could have checked the public docket and discovered that no appeal had been noted. *See Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008) (citing *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003)). Nevertheless, due diligence does not require Combs to discover the fact by that date. *See, e.g.*, *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (citing *Wims*, 225 F.3d at 190 n.4). While no "magic number" exists for the time afforded a reasonable petitioner to discover that his direct appeal has not been filed, the petitioner must offer some evidence that he acted with due diligence. *Cf. Ryan v. United States*, 657 F.3d 604, 607–08 (7th Cir. 2011) (citation omitted) (finding that "a reasonable prisoner may take at least two months . . . to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion"); *see Granger*, 90 F. App'x at 100 (finding petitioner acted with due diligence when he waited two months to inquire about requested appeal). "[W]hen counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." *El-Abdu'llah v. Dir., Va. Dep't Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008) (citations omitted).

Given the record here, acting with due diligence, Combs could have discovered that counsel had not consulted with him or filed an appeal at the latest by April 20, 2005. Nevertheless, even with the benefit of a belated commencement of the limitation period under 28 U.S.C.

6

§ 2244(d)(1)(D) to April 20, 2005, Combs's federal habeas petition is untimely because it was not filed until many years later.

### C. Actual Innocence

The Court understands Combs to contend that he is actually innocent because he is not an SVP. Virginia defines a sexually violent predator as "any person who (i) has been convicted of a sexually violent offense . . . and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts." Va. Code Ann. § 37.2-900 (West 2024).

The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). "Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted). Here, the Court reviews Combs's arguments under the more lenient standard for gateway actual innocence claims, because subscribing to Combs's actual innocence claim would permit the Court to consider the merits of his otherwise time-barred habeas petition.

A gateway claim requires a petitioner to present "**new** reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing new, truly

reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial,'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327–28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)). Moreover, actual innocence means factual innocence and not just legal insufficiency. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citation omitted).

To support his claim of actual innocence, Combs points to statements by Dr. Evan Nelson at Combs's June 11, 2004 Probable Cause hearing regarding whether Combs was an SVP. *See, e.g.*, ECF No. 40, at 10–20.[4] Specifically, Combs contends that Dr. Nelson incorrectly scored the test (the Rapid Risk Assessment for Sex Offense Recidivism, or "RRASOR") for determining Combs's likelihood for committing another sexual offense. Combs contends that his two institutional offenses for masturbating at a correctional employee should not have been counted on that test. Dr. Nelson explained that:

> The RRASOR was probably in the field of sexual recidivism the first test that was widely considered to be a valid and reliable test by clinicians. . . . The original RRASOR was put out so quickly and became popular so quickly that the author didn't really articulate all of the scoring guidelines. That raises a concern here

---

[4] Combs attached a copy of portions of the transcript of that hearing to his Amended § 2254 Petition. ECF No. 6-1, at 5–21.

> because it's never really clearly stated in the original RRASOR scoring guidelines how to handle someone's institutional infractions. Do you treat them as the equivalent of a criminal charge or do you not do anything with them?
>
> The Court will see in my report there's two scorings of the RRASOR here. One is where we assume that his institutional infractions don't count at all. And then technically he has no prior sex offenses. The ones he came to prison on are not counted. They are called the index offenses, the one that brings him to the need for this risk assessment. Technically, he has no priors. . . . So the net result is he has only one point on the scale. He's down near the bottom of risk assessment and likelihood of another sexual offense within about five years is around eight percent.
>
> Another way to score this, a way more consistent with the successor to the RRASOR, is called the Static-99. It's to treat institutional infractions where you can see that there was a real intent to commit a sexual offense as an index offense. In that scenario, his two offenses within the prison system, the last two where he's admitting I was masturbating intentionally to be seen by these officers which would clearly be prosecutable behavior where his behavior is targeted towards a victim, would count. When you score those using the last indecent exposure as the index offense and then counting the previous indecent exposure in the prison – there's two, the last one is the index and then the previous one – and then you count the other convictions and charges from Norfolk and Hampton, he gets four points which is what I have in my report here and that matches the way the Department of Corrections scored him.
>
> The Court should be careful about not getting too tied up in the exact numbers here and see these as part of the bigger picture . . . .

ECF No. 6-1, at 10–12. Dr. Nelson then explained under the under the STATIC-99 test Combs scores "in the highest risk category that you can get on that test." *Id.* at 12.

First, Combs's evidence fails to qualify as new evidence that was not presented at this trial. *Brown v. Ferguson*, No. 7:21CV00043, 2022 WL 329232, at *5 (W.D. Va. Feb. 3, 2022) (finding opinion of expert concluding petitioner was not an SVP did not constitute new evidence because it was "not only available at the original hearing but [was] introduced into evidence"); *Jenkins*, 2023 WL 8788958, at *4 (concluding evidence known to petitioner at the time of his initial SVP proceeding does not qualify as new evidence); *Saunders v. Virginia*, No. 2:21CV575, 2022 WL 4282220, at *7 (E.D. Va. Aug. 19, 2022) (same), *report and recommendation adopted*, No. 2:21CV575, 2022 WL 4277296 (E.D. Va. Sept. 15, 2022). Second, Dr. Nelson's statements fail to qualify as "reliable . . . exculpatory scientific evidence" of Combs's innocence. *Schlup*, 513

U.S. at 324. Dr. Nelson explained that scoring on RRASOR has changed over time depending which edition of scoring manual is employed. ECF No. 32-13, at 102–03. Nevertheless, the sum of Dr. Nelson's testimony from the probable cause hearing and the December 2, 2004 trial reflect that on the Static-99 test, Combs scored "in the highest category of risk within the test." ECF No. 32-13, at 107. Accordingly, Combs fails to adduce new reliable evidence reflecting that he fails to qualify as an SVP.

### III. CONCLUSION

Respondent's Motion to Dismiss (ECF No. 31) will be GRANTED. The Amended § 2254 Petition will be DENIED because it is barred by the relevant statute of limitations. Combs's Motions for Extension of Time (ECF Nos. 26, 37) will be GRANTED. The Motion for Appointment of Counsel (ECF No. 36) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 10, 2024
Richmond, Virginia